IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NANCY J. MILES,<br><br>             Plaintiff,<br><br>v.<br><br>FARMERS INSURANCE GROUP OF COMPANIES and FARMERS GROUP, INC. EMPLOYEES' GROUP LIFE INSURANCE PLAN,<br><br>             Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:12-cv-01009 DN<br><br>District Judge David Nuffer |

**Table of Contents**

Case Overview ................................................................................................................. 2

Background ...................................................................................................................... 2

Undisputed Facts ............................................................................................................. 3

Summary Judgment Standard ......................................................................................... 3

Discussion ....................................................................................................................... 4

ORDER ............................................................................................................................ 5

**Case Overview**

This case involves a dispute between the parties as to whether Defendant Farmers Group Inc. Employees' Group Life Insurance Plan ("the Plan") had an obligation to respond to requests for documents under which the Plan was established or operated and, if the Plan did have an obligation to respond and failed to do so, whether or not an award of statutory penalties pursuant to 29 U.S.C. §1024(b)(4) is appropriate.

Both the Plan and Plaintiff, Nancy Miles ("Miles"), submitted motions for summary judgment.[1] The parties' motions have been fully briefed. For the reasons set forth herein, Plaintiff's motion for summary judgment is GRANTED and Defendants' motion for summary judgment is DENIED. A hearing is scheduled for February 10, 2014 at 10:00 a.m. to determine whether to impose a statutory penalty against the Plan for violating 29 U.S.C. §1024(b)(4).

**Background**

The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). ERISA provides for an award of statutory penalties when a plan fails to provide copies of documents under which the plan is established or operated within thirty days after a participant or beneficiary requests those documents.[2] At the court's discretion, penalties may be awarded in an amount of up to $110 per day from thirty days after an ERISA plan administrator receives a written request for plan materials as set forth in §1024(b)(4) from a plan participant, beneficiary, or their authorized representative, until the date the requested materials are produced.[3]

---

[1] Docket nos. 13 and 15, filed October 15, 2013 and October 25, 2013, respectively.

[2] 29 U.S.C. §1024(b)(4).

[3] 29 U.S.C. §1132(c).

The primary issue in this case is whether Miles had a colorable claim as a Plan beneficiary or potential beneficiary. If so, the Plan should have responded to Miles' request and produced Plan documents and information. If not, the Plan was not statutorily required to respond to Miles and cannot be subject to any penalties or an award of attorney fees and costs against it.

## Undisputed Facts

The Plan disputed a majority of the factual statements from Miles' motion for summary judgment, at least in part.[4] However, the following material facts are undisputed:

1.      Miles' late husband was at one time employed by an entity associated with the Plan.[5]

2.      After the death of Miles' husband, Miles contacted the Plan to request certain documents and information.[6]

3.      The Plan did not provide the requested documents within 30 days of the request.

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] When analyzing a motion for summary judgment, the court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment."[8] However, "the nonmoving party must present more than a scintilla of evidence in

---

[4] *See* the Plan's Opposition to Plaintiff's Motion for Summary Judgment, docket no. 20, filed November 25, 2013.

[5] *Id*. at 5.

[6] *Id.* at 6.

[7] Fed. R. Civ. P. 56(a).

[8] *Mathews v. Denver Newspaper Agency LLP*, 649 F.3d 1199, 1204 (10th Cir. 2011) (internal quotations omitted).

favor of his position."[9] A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[10]

## Discussion

An ERISA plan administrator is required to provide certain documents to a plan participant or beneficiary within 30 days of a request.[11] A plan participant or beneficiary includes any person who has a colorable claim to benefits under the plan.[12] A "colorable claim" is established when a claimant presents an "arguable and nonfrivolous claim for benefits."[13] As long as a plaintiff's claim is not "patently without merit," standing to assert an ERISA claim exists. If the administrator does not provide the requested and statutorily identified documents within 30 days of the request, then the court may, in its discretion, award penalties against the plan pursuant to 29 U.S.C. §1132(c).

In this case, Miles has standing to bring this action under ERISA because she has a colorable claim to benefits under the Plan. Her husband was once employed by an entity associated with the Plan. Pursuant to 29 U.S.C. §1024(b)(4), she had standing to request information related to the Plan. Because Miles is a beneficiary or potential beneficiary under the Plan, Farmers was obligated to provide (upon request) the information set forth in §1024(b)(4). The Plan violated that section by failing to provide the requested information within 30 days of the request, so penalties may be imposed against the Plan under 29 U.S.C. §1132(c). A hearing is scheduled for February 10, 2014 to determine the penalty, if any, to be assessed against the Plan.

---

[9] *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008) (citations omitted).

[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011).

[11] *See* 29 U.S.C. §1024(b)(4).

[12] *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117-118 (1989).

[13] *Hubbert v. Prudential Ins. Co. of America*, No. 96-1093, 105 F.3d 669, 1997 WL 8854 at *3 (10th Cir. 1997) (unpublished).

## ORDER

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's motion for summary judgment[14] is GRANTED.

IT IS FURTHER ORDERED that the parties will appear on February 10, 2014 at 10:00 a.m., Room 230, to discuss the factors relevant to whether a statutory penalty should be imposed and, if so, what the appropriate amount of the penalty should be.

IT IS FURTHER ORDERED that the parties will be prepared to also discuss, and correct if necessary, the timeline of events provided by the court in connection with its review of the parties' briefing, including Mr. King's request for Plan documents, the Defendants' response to Mr. King's request, and whether all documents required by 29 U.S.C. §1024(b)(4) to be produced have been provided to Miles.

IT IS FURTHER ORDERED that following the hearing on the issue of the statutory penalty award, the parties will be instructed to provide information and arguments in connection with the appropriate amount for an award of attorney fees and costs.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment[15] is DENIED.

Signed February 7, 2014.

BY THE COURT:

David Nuffer
United States District Judge

---

[14] Docket no. 15, filed October 25, 2013.

[15] Docket no. 13, filed October 15, 2013.