IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NANCY J. MILES,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS INSURANCE GROUP OF COMPANIES and FARMERS GROUP, INC. EMPLOYEES' GROUP LIFE INSURANCE PLAN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER AWARDING STATUTORY PENALTIES UNDER 29 U.S.C. § 1132(c)**<br><br>Case No. 2:12-cv-01009 DN<br><br>District Judge David Nuffer |

Plaintiff Nancy Miles ("Miles") seeks penalties under 29 U.S.C. § 1132(c) against Farmers Group, Inc. Employees' Life Insurance Plan (the "Plan") based on its failure to timely respond to a request for documents under 29 U.S.C. § 1024(b)(4). After both Plaintiff and Defendants moved for summary judgment on the issue of whether Miles had standing to request Plan documents, summary judgment was entered in favor of Miles.[1] The only remaining issue is whether to impose a statutory penalty against the Plan, and if so, how much that penalty should be. A hearing was held February 10, 2014[2] at which Farmers supplemented the record.[3]

It is undisputed that Miles requested information set forth under 29 U.S.C. § 1024(b)(4) from the Plan on January 20, 2012. By statute, the Plan should have responded and provided information on or before February 19, 2012. It is also undisputed that the Plan did not provide all of the required information requested in the January 20, 2012 letter until April 15, 2013.

---

[1] Memorandum Decision and Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendants' Motion for Summary Judgment, docket no. 27, entered February 7, 2014.

[2] Minute Entry, docket no. 28, entered February 10, 2014.

[3] Farmers' Supplemental Timeline with attachments, docket no. 29, entered February 10, 2014.

**Analysis**

The purpose of 29 U.S.C. § 1132(c) is to provide incentive to establish and operate a procedure that allows beneficiaries and participants to obtain information related to an employee benefit plan.[4] If a plan administrator fails to provide the information requested within the statutory time, they may be liable for civil penalties of up to $110 per day from the date of the failure or refusal until the date that the requested information is provided.[5] The statutory amounts have not been adjusted for some time[6] and under current economic realities, even the maximum allowable penalty may provide little incentive to a large plan administrator.

In this case, after receiving a request for information on January 20, 2012 related to Miles' status as a beneficiary under the Plan, the Plan failed to provide all of the requested information to Miles until April 15, 2013. The time period between the statutory deadline for the Plan to produce the requested information, February 19, 2012, and the date that all of the required information was provided, April 15, 2013, was 421 days.

Considering the factors set forth in the cases cited by the parties, and in the court's discretion, the purposes of the statute are best served by awarding a penalty of $20,000, or $47.51 per day, against the Plan. Counsel for Miles shall submit a motion for attorney fees and costs incurred in prosecuting this case on or before February 25, 2014 to which Farmers may respond on or before March 7, 2014.

---

[4] *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 103 (1989).

[5] 29 U.S.C. § 1132(c)(1)(B).

[6] The maximum daily penalty was increased to $110 per day in 1997. *See* the Debt Collection Improvement Act of 1996, 62 Fed. Reg. 40696.

**Order**

IT IS HEREBY ORDERED that statutory penalties are awarded against Farmers Group, Inc. Employees' Group Life Insurance Plan and in favor of Plaintiff Nancy Miles in the amount of $20,000, or $47.51 per day between the period of February 19, 2012 and April 15, 2013.

IT IS FURTHER ORDERED that counsel for Nancy Miles shall submit a motion for attorney fees and costs on or before February 25, 2014. Any response shall be filed on or before March 7, 2014.

Signed February 11, 2014.

BY THE COURT:

_____
David Nuffer
United States District Judge